IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STEPHEN DAWSON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Civil Action No.** 3:09-CV-2144-L |
| | § | |
| **AUTOZONE TEXAS, L.P.,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion for Summary Judgment, filed December 17, 2010; Plaintiff's Motion for Partial Summary Judgment, filed December 17, 2010; Defendant's Objections to Plaintiff's Appendix of Exhibits to Plaintiff's Motion for Partial Summary Judgment and Brief in Support, filed January 7, 2011; and Defendant's Objections to Plaintiff's Exhibits Appendix of Exhibits to Plaintiff's Response to Defendant's Motion for Summary Judgment and Defendant's Reply to Plaintiff's Response, filed January 13, 2011. After carefully reviewing the motions, briefs, responses, reply, and applicable law, the court **denies** Plaintiff's Motion for Partial Summary Judgment; **grants** Defendant's Motion for Summary Judgment; **overrules as moot** Defendant's Objections to Plaintiff's Appendix of Exhibits to Plaintiff's Motion for Partial Summary Judgment and Brief in Support; and **overrules as moot** Defendant's Objections to Plaintiff's Exhibits Appendix of Exhibits to Plaintiff's Response to Defendant's Motion for Summary Judgment and Defendant's Reply to Plaintiff's Response.

**Memorandum Order and Opinion- Page 1**

I. **Procedural and Factual Background**

On October 9, 2009, Stephen Dawson ("Plaintiff" or "Dawson") filed Plaintiff's Original Petition against Defendant Autozone Texas, L.P. ("Autozone" or "Defendant") in the 68th Judicial District Court, Dallas County, Texas. Plaintiff filed his Amended Petition on October 14, 2009. On November 10, 2009, Defendant removed the action to this court on the grounds that complete diversity existed and that the amount in controversy exceeded $75,000, exclusive of interest and costs. Dawson contends that Autozone violated Section 21.051 of the Texas Labor Code by discharging him from employment and that Autozone violated Section 21.055 of the Texas Labor Code by retaliating against him. Autozone denies that it discriminated against Dawson because of his race and contends that Dawson was terminated for violating company policies, a legitimate, nondiscriminatory reason. Autozone further contends that it did not retaliate against Dawson because he was never engaged in a protected activity.

On December 17, 2010, Plaintiff filed a motion for partial summary judgment and contends that he is entitled to partial summary judgment on his retaliation claims. Plaintiff contends that Defendant spoliated evidence and thus he is entitled to judgment as a matter of law. On the same day, Defendant filed a motion for summary judgment, contending that no genuine issue of material fact exists with respect to any claim asserted by Dawson and that it is therefore entitled to judgment as a matter of law. Dawson, on the other hand, responds that he has set forth evidence that raises a genuine issue of material fact as to the allegedly discriminatory employment actions taken by Autozone regarding his termination and retaliation. Plaintiff contends that the evidence precludes the granting of summary judgment and requests the court to deny the motion. On February 25, 2011,

the court set a hearing regarding the pending summary judgment motions and heard oral arguments on both motions on March 8, 2011.

The court now sets forth the facts upon which it relies to resolve the summary judgment motion. In setting forth the facts, the court applies the summary judgment standard as discussed in the following section. These facts are largely undisputed, and where there is a dispute, the court states the facts in the light most favorable to the nonmoving party. Accordingly, to put the issues in proper context and understand the nature of the dispute between the parties, the court includes evidence presented by both parties; of course, insofar as Dawson sets forth evidence to dispute, or that is contrary to, evidence presented by Autozone, the court, as it must at this stage, accepts Defendant's version of any disputed material fact as to Plaintiff's Motion for Partial Summary Judgment. Likewise, the court will engage in a similar analysis with respect to Autozone's motion for summary judgment and view the evidence in the light most favorable to Dawson.

Plaintiff, an African-American male, commenced his employment with Autozone as a Parts Sales Manager in January 2008. In September 2008, he was promoted to Store Manager of Autozone Store Number 1549 ("Store No. 1549"). Plaintiff states that Store No.1549 experienced a high number of thefts. Pl.'s Partial Summ. J. App. at 2. Euwayne Jones ("Jones"), a white male, was Dawson's District Manager and immediate superior.

During the months of October, November, and December 2008, Plaintiff wrote up Autozone Customer Service Representative Dominique Goodrum ("Goodrum") on many occasions for poor attendance and insubordination. *Id*. During the same period, Plaintiff states that he also began to find empty boxes on the shelves with missing parts. According to Plaintiff, customers stated that employees were stealing at night and improperly selling parts over the counter. Plaintiff states that

he informed Jones of the misconduct problems occurring in Store No.1549. Plaintiff further states that in January 2009, he began to notice that the stolen parts were being returned to the store. When he retrieved the history on the returned parts, he discovered that the parts matched James Edges's ("Edges") and Goodrum's employee identification numbers. Plaintiff further states that he was notified by a customer that Edges and Goodrum used customer account numbers to buy parts and then returned the parts.

According to Plaintiff, on January 5, 2009, he was instructed by Jones to schedule a meeting with Edges and Loss Prevention regarding the thefts. Plaintiff states that while Edges was being interviewed by Autozone Loss Prevention ("Loss Prevention"), Edges went to the restroom and text messaged Goodrum to apprise her of the meeting. Plaintiff then informed Loss Prevention of his observations. Following the meeting, Autozone fired Edges. On January 13, 2009, an Autozone investigator and Plaintiff's District Manager interviewed Goodrum. Autozone later discharged Goodrum from employment on February 11, 2009.

On February 10, 2009, Plaintiff received a call from Jones in which Jones asked Plaintiff to meet him at a local Whataburger Restaurant. Def.'s Summ. J. Br. App. at 26 (Dep. of Dawson at 134). When Plaintiff arrived, Jones and another District Manager provided him with a Corrective Action Review ("Review") that terminated his employment. The Review stated that he violated a company policy. *Id.* Jones explained the termination action to Plaintiff and informed him that Goodrum filed sexual harassment charges against him. *Id.* Autozone employees Goodrum, Thornton, and Leo Carrington ("Carrington") all signed statements corroborating the sexual harassment allegations, copies of which Jones showed to Dawson on February 10, 2009.

## II. Legal Standard- Summary Judgment

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), cert. denied, 513 U.S. 871 (1994). The party opposing summary

judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), cert. denied, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

**III.    Analysis**

   **A.    Cross Motions for Summary Judgment**

Plaintiff and Defendant have both filed motions for summary judgment. Plaintiff states that Defendant destroyed critical evidence in bad faith, and thus he is entitled to partial summary judgment as a matter of law. Defendant responds that Plaintiff cannot produce any evidence that the documents actually existed, that Defendant destroyed the documents in bad faith, or that Defendant otherwise acted in bad faith. In Defendant's Motion for Summary Judgment, Autozone states that it is entitled to summary judgment as to Plaintiff's claims for race discrimination and retaliation because there are no genuine issues of material fact as to either claim. Plaintiff opposes the motion, responding that genuine issues of material fact exist as to both claims and that Defendant is not entitled to judgment as a matter of law.

### 1.     Plaintiff's Motion for Partial Summary Judgment

Plaintiff states that he is entitled to partial summary judgment because of Defendant's alleged spoliation. Although he casts his motion as one for partial summary judgment, it is not a proper motion for summary judgment. Plaintiff is asserting that critical evidence was destroyed and never provided to him by Defendant. Plaintiff has not offered an adequate explanation for his failure to file a motion to compel. The appropriate route for Plaintiff to take was to file a motion to compel, seek the documents in question, and obtain a favorable ruling from the court. If Defendant did not produce the evidence, as ordered by the court, a motion for an adverse instruction for the jury may have been in order had Plaintiff established the requirements to obtain such an instruction.

Under Fifth Circuit law, federal courts must apply federal evidentiary rules rather than state spoliation laws in diversity suits. *King v. Illinois Cent. R.R.*, 337 F.3d 550, 556 (5th Cir. 2003). "A district court has discretion to admit evidence of spoliation and to instruct the jury on adverse inferences." *United States v. Wise*, 221 F.3d 140, 156 (5th Cir. 2000) (citing *Higgins v. Martin Marietta Corp.*, 752 F.2d 492, 496 (10th Cir. 1985)). "[A]n adverse inference drawn from the destruction of records is predicated on bad conduct." *Id.* (citations omitted). Therefore, Plaintiff must show that Defendant acted in "bad faith" to establish that he is entitled to an adverse inference. *See King*, 337 F.3d at 556.

Plaintiff states that he is entitled to an adverse inference finding based on Defendant's alleged spoliation of evidence. Dawson states that while he was Store Manager, he used the Reviews to document employee conduct violations on behalf of Goodrum, Thornton, and Carrington. Plaintiff states that he prepared a total of 38 Reviews and that Defendant has only produced six of the Reviews. During his deposition, Dawson stated that he wrote up Goodrum nine times, Thornton

eight times, and Carrington four times. He states that he then gave the completed Reviews to Jones. Plaintiff states that the spoliated Reviews are relevant to prove his retaliation claim. Dawson states that the Reviews demonstrate that Goodrum, Thornton, and Carrington had substantial motives to retaliate against him.

Defendant responds that Plaintiff's Motion for Partial Summary Judgment should be denied because Plaintiff cannot produce any evidence that Defendant acted in bad faith or destroyed any documents in bad faith. Defendant states that Jones's deposition testimony and the deposition testimony from Regional Human Resources Manager, Bob Masengill ("Masengill") do not support Plaintiff's assertions. Defendant states that Masengill and Jones followed the established procedures for handling the Reviews. Defendant states that Jones testified that he had no idea whether Plaintiff's alleged Reviews concerning Goodrum had been destroyed. Further, Defendant points out that Masengill testified that he never even saw the Reviews in question. Defendant also contends that even if the documents were improperly destroyed, they were not relevant to establish Plaintiff's claims. In his deposition, Plaintiff testified that the Reviews related to various instances of poor attendance, bad customer service, deficient cash registers, violations of the company dress code, and insubordination. Defendant states that Plaintiff's assertion of retaliation by disgruntled employees does not advance his retaliation claim because engaging in efforts to prevent theft or improve performance does not constitute a protected activity under Section 21.055 of the Texas Labor Code. Last, Defendant responds that Plaintiff has not provided any evidence to show how he was prejudiced by the alleged destruction of documents.

After carefully reviewing the parties' contentions, record, and applicable law, the court determines that Dawson has failed to make the requisite showing of bad faith to warrant an adverse

inference finding. There is no affirmative evidence that the Reviews actually have been destroyed or, if destroyed or discarded, the circumstances under which this occurred. Plaintiff has not presented any evidence relating to the alleged bad faith destruction of the Reviews. The Jones and Masengill depositions demonstrate that they did not have knowledge as to the existence of the Reviews. The court declines to find on the basis of these conclusory allegations that Autozone destroyed the documents or otherwise acted in bad faith. *See also Ford v. Potter*, 354 Fed.Appx. 28, 33 (5th Cir. 2009) (holding that the district court did not abuse its discretion in denying a motion for an adverse inference based on spoliation of evidence where Plaintiff never filed a motion to compel production of the documents and made only conclusory, unsupported allegations of bad faith). The sum of the evidence presented by Dawson is insufficient to warrant an adverse inference finding by the court. Accordingly, denial of Plaintiff's motion is appropriate.

## 2. Defendant's Motion for Summary Judgment

### a. Race Discrimination Claim

Defendant states that Plaintiff cannot establish a prima facie case of race discrimination. Specifically, Defendant alleges that Plaintiff cannot produce evidence that he was replaced by someone outside the protected class. Defendant further states that it discharged Plaintiff for legitimate, nondiscriminatory reasons.

Plaintiff responds that summary judgment is not appropriate because fact issues remain. Plaintiff responds that he can establish a prima facie case of race discrimination because he was not replaced by a black manager, that is, he was replaced by someone outside the protected class. Plaintiff states that the performance Reviews produced by Defendant reflect that as late as March 20, 2009, Martin was manager of Store No. 8045, not Store No. 1549. Plaintiff further responds that

there was no legitimate reason for his termination. Plaintiff contends that there is substantial evidence that his discharge was merely a pretext for unlawful discrimination. Plaintiff states that Jones admitted that he sexually harassed another female employee but was not fired. Plaintiff further states that by applying the mixed motive test of the Texas Labor Code, a jury could determine that Autozone was motivated in part to fire Plaintiff due to the sexual harassment allegations and also because of his race. Plaintiff further alleges that racial stereotyping constitutes evidence of intentional discrimination.

Defendant replies that there is no dispute of material fact that Plaintiff was replaced by Martin as store manager. Defendant further replies that Store No. 8045 is not a store number but is actually a regional identification number. Defendant states that Goodrum is black, and thus allegations of her racially stereotyping her boss to intentionally discriminate against him because of his race are incomprehensible. Further, according to Autozone, the decision to terminate Dawson was made by Sam Sandoval ("Sandoval"), a Hispanic male. Defendant further states that Plaintiff cannot establish a pretext for discrimination.

The interpretation of Chapter 21 of the Texas Labor Code is guided by analogous federal law and court decisions. *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 476 (Tex. 2001). Consequently, the court will use both state and federal cases as appropriate to analyze the motion for summary judgment.

Under Texas's antidiscrimination statute,

> [a]n employer commits an unlawful employment practice if because of race, color . . . the employer: (1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; or (2) limits, segregates, or classifies an employee or applicant for employment in

> a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee.

Tex. Lab. Code Ann. § 21.051 (West 2006).

The Texas Supreme Court has "held 'that a 'motivating factor' is the correct standard of causation for the plaintiff in all TCHRA unlawful employment practice claims,' regardless of whether the plaintiff relies on direct or indirect evidence to build his case." *Machinchick v. PB Power, Inc.,* 398 F.3d 345, 356 (5th Cir. 2005) (quoting *Quantum Chemical Corp.,* 47 S.W.3d at 481. Authority following *Quantum Chemical Corporation* "has confirmed that at summary judgment, the *McDonnell Douglas* burden-shifting analysis still applies to discrimination claims brought under the TCHRA." *Machinchick,* 398 F.3d at 356 (footnotes and citations omitted).

To establish a prima facie case of race discrimination for wrongful discharge under the Texas Labor Code, Plaintiff must demonstrate that he: "(1) [he] is a member of a protected class; (2) [he] was qualified for the position . . . ; (3) [he] was discharged; and (4) [his] employer filled the position with a person who is not a member of the protected class." *Mission Consol. Ind. Sch. Dist. v. Garcia,* 314 S.W.3d 548, 558 (Tex.App.—Corpus Christi 2010, pet. filed) (citations omitted). "Once the plaintiff establishes a prima facie case, the 'burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for the disparate treatment.'" *Machinchick,* 398 F.3d at 356 (quoting *Kokes v. College,* 148 S.W.3d 384, 391 (Tex.App.—Beaumont 2004, no pet.)). "If the employer comes forward with nondiscriminatory reasons for the employment decision, the plaintiff is 'required to show [that] either 1) the reasons were not true but, rather, were a pretext for discrimination, or 2) even if the reasons were true, another motivating factor was'" race. *Machinchick,* 398 F.3d at 356 (quoting *Kokes,* 148 S.W.3d at 391, n.40) (citations omitted).

**Memorandum Order and Opinion- Page 11**

As Defendant only contests whether Plaintiff has satisfied the fourth element of a prima facie case of race discrimination, the first three elements are not in dispute, and the court will direct its attention to whether Plaintiff has satisfied the fourth element. There is a genuine issue of material fact as to whether he was replaced by someone outside the protected class. Autozone offered evidence in the form of an affidavit by Masengill that "Julian Martin . . . replaced Mr. Dawson as the Store Manager of Store No. 1549 following Mr. Dawson's employment termination." Def.'s Summ. J. App. at 32. Julian Martin is African-American. *Id.* Plaintiff counters that a week after his termination from Autozone, he went to the Autozone store from which he was fired and saw a white man sitting inside the store wearing a "Store Manager" badge. Pl.'s Summ. J. Resp. App. at 34 (Dep. of Dawson at 120). There is a dispute as to who replaced Dawson, and the court does not assess credibility at the summary judgment stage. Based on Plaintiff's evidence, a reasonable jury could believe that Plaintiff was replaced by someone outside the protected class. Accordingly, the court cannot grant summary judgment on this basis.

The burden now shifts to Autozone to articulate a legitimate, nondiscriminatory reason for discharging Dawson. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-07 (1993). Autozone articulated that it discharged Dawson because he sexually harassed Goodrum while he was employed as Store Manager. A violation of a company policy constitutes a legitimate, nondiscriminatory reason for discharge. Autozone has thus satisfied its burden.

Because Autozone has satisfied its burden, Dawson is obligated to adduce evidence that would permit a reasonable jury to find that Autozone's reason for discharging him is a pretext for discrimination or that his race was a factor that motivated the decision to terminate him. *See*

*Machinchick,* 398 F.3d at 356 (quoting *Kokes,* 148 S.W.3d at 391) (citations omitted). Dawson proceeds under both alternatives.

With respect to the pretext alternative, he states that Autozone's articulated reason for his discharge, that he sexually harassed other employees, is false. Dawson contends that he presents evidence in which Autozone sets forth different versions of why he was fired. According to Dawson, Autozone's reasons were that he violated company policy that included: (i) acts and conduct detrimental to Autozone and Autozoners, (ii) conduct unbecoming, (iii) inappropriate comments, (iv) unwelcome physical touching, and (v) loss of confidence. Dawson further posits that Autozone varied its rationale for discharge, from first contending that Goodrum lodged a sexual harassment complaint against him to later contending that he violated the company policy. The court determines that the reasons articulated by Autozone are not inconsistent and that a finding of sexual harassment could easily encompass, include, or relate to the five matters mentioned by Dawson and Autozone's prohibition against sexual harassment in the workplace. The allegedly inconsistent or different reasons set forth by Dawson fail to establish, or raise a fact question, that the sexual harassment investigation and subsequent discharge were a coverup to hide racial animus towards him.

Plaintiff further contends evidence of comments made by a former white employee of Store No. 1571 demonstrate that Defendant's reasons were merely a pretext for discrimination. Pl.'s Summ. J. Resp. App. at 33 (Dep. of Dawson at 116). Plaintiff states that while he was working at his first store, Plaintiff saw his first District Manager, Larry Pipken, a black man, being threatened by a white employee at Store No.1571. *Id.* Plaintiff states that the white man told Pipken he was going to shoot him, and skin him like a coon dog. *Id.* at 117, 125. Plaintiff states that Autozone

later fired Pipken. This incident took place sometime prior to Dawson's promotion to Store Manager in September 2008.

Assuming the incident occurred as Plaintiff described and that the racist and offensive statements were made, the court is at a loss as to how this constitutes a pretext for discrimination. Pretext is a reason or excuse articulated to cover up or conceal the employer's true reason or motive for the unlawful conduct. What Plaintiff describes does not constitute pretext. The incident Plaintiff references took place before he was promoted, and there is absolutely no evidence to indicate that the person who made the decision to fire Dawson was aware of the statement or took it into consideration when the decision to terminate was made. There is simply no competent evidence in the record to raise a fact issue that race was one of the reasons that Dawson was discharged.

Based on the evidence, these racist comments by a nonmanagerial person constitute "stray remarks." "Stray remarks with no connection to an employment decision cannot create a fact issue regarding discriminatory intent and are insufficient to defeat summary judgment." *Scales v. Slater*, 181 F.3d 703, 712 (5th Cir. 1999) (citations omitted). For comments in the workplace to provide sufficient evidence of discrimination, "they must be (1) related to the protected class of persons of which the plaintiff is a member; (2) proximate in time to the terminations; (3) made by an individual with authority over the employment decision at issue; and (4) related to the employment decision at issue." *Auguster v. Vermillion Parish Sch. Bd.*, 249 F.3d 400, 405 (5th Cir.2001) (internal quotations and citations omitted). Plaintiff has not presented any evidence to show that the alleged remark by the former employee has a demonstrable connection to his discharge. Plaintiff also has not presented any evidence to show that the alleged remark was proximate in time to his termination. Moreover, there is no evidence that establishes that Sandoval, the decisionmaker, made the racist

comments, was aware of the comments, or was influenced to discharge Plaintiff by the white male who made the comments. Consequently, Dawson has failed to set forth evidence that would raise a genuine issue of material fact that Autozone's actions were a pretext for race discrimination.

Further, Dawson has failed to satisfy the mixed motive alternative. Under state law, "an unlawful employment practice is established when the complainant demonstrates that race . . . was a motivating factor for an employment practice, even if other factors also motivated the practice, unless race . . . is combined with objective job-related factors to attain diversity in the employer's work force." Tex. Lab. Code Ann. § 21.125(a) (West 2006). Plaintiff has not produced any evidence to raise a fact question that Defendant's reason, while true, was a motivating factor for his discharge. Other than his subjective belief that he was discharged because of his race, rather than his job performance, Dawson has submitted nothing to support this subjective belief or perception. "[A] subjective belief of discrimination, however genuine, [may not] be the basis of judicial relief." *Lawrence v. University of Texas Med. Branch at Galveston*, 163 F.3d 309, 313 and *n.*21 (5th Cir.1999) (quoting *Elliott v. Group Med. & Surgical Serv.*, 714 F.2d 556, 567 (5th Cir. 1983) (subsequent history omitted)). *Cf. Breaux v. City of Garland*, 205 F.3d 150, 160 (5th Cir.), *cert. denied*, 531 U.S. 816 2000) ("[A] plaintiff's subjective perception that a demotion has occurred is not enough to constitute an adverse employment action."). Because Plaintiff has failed to point to evidence that creates a genuine issue of material fact that Defendant discriminated against him on account of his race, the court determines that Defendant is entitled to judgment as a matter of law on the race discrimination claim.

### b. Retaliation Claim

To establish a prima facie case of retaliation, Plaintiff must show that: "(1) [he] engaged in a protected activity; (2) an adverse employment action occurred; and (3) a causal link existed between the protected activity and the adverse action." *Garcia*, 314 S.W.3d at 558 (citations omitted). Under Texas law, an employee engages in a protected activity only if the employee: "(1) opposes a discriminatory practice; (2) makes or files a charge; (3) files a complaint; or (4) testifies, assists, or participates in any manner in an investigation, proceeding, or hearing." *Id.* (citing Tex. Lab. Code § 21.055).

Defendant contends that there are no genuine issues of material fact as to Plaintiff's retaliation claim. Specifically, Defendant contends Plaintiff cannot establish a prima facie case of retaliation because he did not engage in a protected activity. Defendant states that the first time Plaintiff allegedly engaged in any protected activity was after the decision to terminate his employment had been made by Autozone. Plaintiff responds that he has established a prima facie case of retaliation. Plaintiff states that he was wrongly discharged after he reported employee misconduct problems at his store.

Taking the facts in the light most favorable to Plaintiff, Defendant has shown that no genuine issues of material fact exist as to Plaintiff's retaliation claim. Plaintiff never engaged in any protected activity. Reporting employees for violating the company dress code, poor attendance, theft, poor customer service, deficient cash registers, and insubordination does not fall within the category of protected activities as defined by the statute. Because a reasonable jury could not find that Dawson engaged in a protected activity, he cannot establish a prima facie case of retaliation as a matter of law, and Autozone is entitled to summary judgment.

Further, the decision to terminate Dawson was made prior to the alleged retaliation. The evidence reveals that Plaintiff never complained about being treated differently during his employment. Autozone presents evidence that Plaintiff *first* complained about being treated differently *after* his termination. Pl.'s Summ. J. App. at 37 (Dep. of Dawson at 133). Therefore, the alleged protected activity could not have been the cause of his termination, and the retaliation claim fails as a matter of law for lack of a causal connection.

### B. Defendant's Objections

In light of the court's decision to grant Defendant's Motion for Summary Judgment, the court determines that Defendant's Objections to Plaintiff's Appendix of Exhibits to Plaintiff's Motion for Partial Summary Judgment and Brief in Support, filed on January 7, 2011; and Defendant's Objections to Plaintiff's Exhibits Appendix of Exhibits to Plaintiff's Response to Defendant's Motion for Summary Judgment and Defendant's Reply to Plaintiff's Response, filed on January 13, 2011, are moot. Even if the court considers the objections to the evidence, it reaches the same result. Accordingly, the court will overrule both sets of Defendant's objections.

## IV. Conclusion

For the reasons stated herein, the court determines that Plaintiff is not entitled to summary judgment as a matter of law as to his spoliation claim. Further, there are no genuine issues of material fact as to Plaintiff's race discrimination and retaliation claims. The court therefore **denies** Plaintiff's Motion for Partial Summary Judgment and **grants** Defendant's Motion for Summary Judgment. Additionally, the court determines that Defendant's Objections to Plaintiff's Appendix of Exhibits to Plaintiff's Motion for Partial Summary Judgment and Brief in Support and Defendant's Objections to Plaintiff's Exhibits Appendix of Exhibits to Plaintiff's Response to

Defendant's Motion for Summary Judgment and Defendant's Reply to Plaintiff's Response are **moot**. Accordingly, the court **overrules as moot** both sets of Defendant's objections. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, the court will enter a judgment by separate document.

**It is so ordered** this 29th day of April, 2011.

Sam A. Lindsay
United States District Judge